J-S46032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| REGINALD JOHNSON, | : | |
| | : | |
| Appellant | : | No. 1585 EDA 2014 |

Appeal from the PCRA Order entered on April 17, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No. CP-51-CR-0909861-1996

BEFORE:  MUNDY, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED SEPTEMBER 16, 2015**

Reginald Johnson ("Johnson") appeals from the Order dismissing his third Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In September 1996, Johnson and an accomplice robbed three individuals at gunpoint outside of a nightclub.  A jury subsequently convicted Johnson of three counts of robbery, and one count each of criminal conspiracy and possession of an instrument of crime.  On November 20, 1997, the trial court imposed an aggregate sentence of 37½ to 75 years in prison.  Following a procedural history that is not relevant to the instant appeal, this Court affirmed Johnson's judgment of sentence.  ***See Commonwealth v. Johnson***, 776 A.2d 292 (Pa. Super. 2001) (unpublished

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

memorandum). Johnson did not file a Petition for allowance of appeal with the Pennsylvania Supreme Court.

In the following years, Johnson filed two PCRA Petitions, both of which were dismissed, and this Court affirmed each dismissal. *See Commonwealth v. Johnson*, 847 A.2d 757 (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 858 A.2d 109 (Pa. 2004); *Commonwealth v. Johnson*, 986 A.2d 1257 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 990 A.2d 778 (Pa. 2010).

On September 14, 2012, Johnson, represented by counsel, filed the instant PCRA Petition. Subsequently, the PCRA court gave Johnson Notice, pursuant to Pa.R.Crim.P. 907, of its intention to dismiss his PCRA Petition without a hearing, concluding that the Petition was not timely filed, and Johnson had failed to plead or prove any of the three exceptions to the PCRA's one-year jurisdictional time-bar (collectively "the timeliness exceptions"). Johnson filed a Response to the Rule 907 Notice, and later, a timely Notice of Appeal. The PCRA court ordered Johnson to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Johnson timely filed a Concise Statement, after which the PCRA court issued a Pa.R.A.P. 1925(a) Opinion.

On appeal, Johnson presents the following questions for our review:

I. Whether the PCRA Petition was time barred where, as here, the delay in filing was attributable to the [trial] court's administrative/judicial staff[,] who misplaced the transcripts necessary to develop the facts and issues presented in the PCRA Petition?

- 2 -

  II. Whether the PCRA is facially unconstitutional as applied to the facts and circumstances of [Johnson's] case?

Brief for Appellant at 2 (capitalization and quotation marks omitted).

  We begin by noting our well-settled standard of review: "In reviewing the [dismissal] of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted).

  Under the PCRA, a defendant must file any PCRA petition within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1); ***see also id***. § 9545(b)(3) (providing that a judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking review.").

  Here, Johnson's judgment of sentence became final in February 2001, after the period to file an appeal with the Pennsylvania Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); ***see also*** Pa.R.A.P. 1113(a). Johnson did not file the instant PCRA Petition until September 2012. The Petition is therefore facially untimely, as it was filed over eleven years after Johnson's judgment of sentence became final.

  However, Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of the timeliness

exceptions: (i) the failure to raise the claim was the result of government interference; (ii) the facts of the new claim were unknown to the petitioner and could not have been discovered with due diligence; or (iii) the right asserted is a constitutional right recognized by the United States Supreme Court or the Pennsylvania Supreme Court after the time period provided in the section and has been held to apply retroactively. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any PCRA petition invoking one of the timeliness exceptions must be filed within sixty days of the date the claim could have been presented. *Id*. § 9545(b)(2).

Johnson argues in his first issue that he has met the requirements of all three of the timeliness exceptions. *See* Brief for Appellant at 12-16.

Initially, we observe that the PCRA court concluded that it lacked jurisdiction to address any of Johnson's claims, since none of the issues Johnson raised in his Rule 1925(b) Concise Statement addressed any of the timeliness exceptions. *See* PCRA Court Opinion, 1/6/15, at 5. Indeed, the Concise Statement, which is ten pages long, and in narrative form, only superficially invokes two of the timeliness exceptions, in a footnote. *See* Concise Statement, 6/9/14, at 8 n.6 (stating that "Johnson raised the claim in the PCRA [Petition] that the transcript of the jury selection [(hereinafter 'the Transcript'),] which contains the evidence of the [trial court] judge impermissibly involving himself in the plea negotiations[,] was placed, in error, in the file of a co-defendant[,] and that [Johnson] was entitled to

application of [sections] 9545(b)(1)(i) …[,] and 9545(b)(1)(ii)[.]").[2] Though we could find Johnson's claim waived on this basis,[3] we will briefly address the two timeliness exceptions he invoked in the footnote of his Concise Statement.

Johnson argues that his PCRA Petition is not time barred under the governmental interference and newly discovered facts exceptions. **See** Brief for Appellant at 11-14. Specifically, Johnson asserts that court officials misplaced the Transcript, which reveals that the trial judge allegedly threatened him with a more severe punishment if he proceeded to trial as

---

[2] Otherwise, the issues in Johnson's voluminous Concise Statement concern claims of ineffectiveness of counsel and actual innocence.

[3] **See** Pa.R.A.P. 1925(b)(4)(ii) & (vii) (providing, respectively, that "[t]he Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge[,]" and that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph [] are waived.").

opposed to taking a plea bargain.[4] *Id*.; *see also id*. at 12 (wherein Johnson claims that the conviction and sentence was unlawful, and that "the trial court [judge] impermissibly involved himself in and tainted the plea bargaining process."). Johnson contends that he exercised due diligence in raising this claim, as the Transcript was misplaced in another person's file, and he discovered it within sixty days of the date that he filed the instant PCRA Petition.[5] *Id*. at 13, 14.

Johnson's bald allegation that courtroom officials misplaced the Transcript is not sufficient to meet the governmental interference exception. *See Commonwealth v. Marshall*, 947 A.2d 714, 721 (Pa. 2008) (stating that the appellant did not satisfy the governmental interference exception where he presented general, unsupported allegations and offered no

---

[4] Johnson specifically challenges the trial court's following remark made immediately prior to the empaneling of the jury:

> THE COURT: And have you[, defense counsel,] explained to your client that if convicted[,] I would have no qualms about sentencing them[, *i.e.*, Johnson and his co-defendant,] to sixty to one hundred and twenty years in prison. I've done it in the past, and I'll do it today, tomorrow, the next day, or any other day. So, you know, if your clients are looking for mercy, now is the time to get it. If they want justice, I will bring that jury in the room in just one half of a second. So they have to make up their mind now. You want mercy, something less than sixty to a hundred twenty years, now is the time to ask for it. If you're looking for justice, I will bring that jury right in the room right this minute. What do you wish to do?

N.T., 9/17/97, at 1-2.

[5] Johnson has not advanced any support concerning his allegation that he filed his PCRA Petition within sixty days of the Transcript being made available to him. *See* 42 Pa.C.S.A. § 9545(b)(2). Nevertheless, we will address the merits of Johnson's claim.

evidence that the Commonwealth interfered with his claims). Johnson has not advanced any evidence that this omission, in fact, occurred, nor has he established that it constituted a violation of the law. *See* 42 Pa.C.S.A. § 9545(b)(1)(i) (providing that governmental interference must constitute a "violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States."). Moreover, Johnson was previously aware of the trial court judge's above-mentioned remark, since Johnson was in the courtroom at the time it was made. *See Commonwealth v. Burton*, 936 A.2d 521, 526-27 (Pa. Super. 2007) (where the PCRA petitioner invoked the governmental interference exception based upon a letter sent to the prosecutor fifteen years prior to the filing of the PCRA petition, alleging that this letter was improperly withheld from him, holding that the petitioner's claim did not meet the exception, since the existence of the letter was fully discernable to the petitioner fifteen years prior).

Regarding Johnson's claim concerning the newly discovered facts exception, this Court has described the requirements of the exception as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a

> newly discovered or newly willing source for previously known facts.

***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citations and quotation marks omitted).  Here, as mentioned above, Johnson was aware of the trial court judge's above-mentioned remark well in advance of Johnson's allegedly recent "discovery" of the Transcript.  The Transcript merely reflected what happened in court, in Johnson's presence, and is not a newly discovered fact; rather it is a new source for information previously known to Johnson.  ***See id.***  Finally, Johnson fails to provide a valid explanation as to why he could not have obtained the Transcript earlier with due diligence.  ***See id.***; ***see also Burton***, 936 A.2d at 526.  Accordingly, Johnson has failed to meet the requirements of the newly discovered facts exception.

Accordingly, Johnson's first issue does not entitle him to relief.  The PCRA court properly determined that Johnson's PCRA Petition is untimely and that he had not established any of the timeliness exceptions.[6]

Next, Johnson argues that the PCRA is unconstitutional on its face, and as applied to the circumstances of his case.  ***See*** Brief for Appellant at 16-

---

[6] To the extent that Johnson raised claims of ineffective assistance of counsel, "it is well established that the fact that a petitioner's claims are couched in terms of ineffectiveness will not save an otherwise untimely petition from the application of the time restrictions of the PCRA." ***Commonwealth v. Edmiston***, 65 A.3d 339, 349 (Pa. 2013) (citation omitted).

18. Citing the Statutory Construction Act ("SCA"),[7] he contends that "[a]pplication of the PCRA's time bar to defeat claims of constitutional violations would make the PCRA unconstitutional as applied where, as here, the delayed filing is attributable to negligence of the [c]ourt's staff." *Id.* at 18; *see also id.* (arguing that "[t]he General Assembly obviously did not consider the possibility that delays would be caused by misplaced files ....").

Johnson has waived this claim, since he did not raise it in either his PCRA Petition or his Concise Statement. *See Commonwealth v. Washington*, 927 A.2d 586, 601 (Pa. 2007) (stating that "[a]ny claim not raised in the PCRA petition is waived and not cognizable on appeal."); *see also Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) (holding that "[a]ny issues not raised in a 1925(b) statement will be deemed waived.").[8]

We conclude that the record supports the PCRA court's dismissal of Johnson's third PCRA Petition as being untimely, and discern no error of law.

Order affirmed.

---

[7] *See* 1 Pa.C.S.A. § 1501 *et seq.* Johnson particularly relies upon 1 Pa.C.S.A. § 1922(1), which provides that "the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable."

[8] Even if we did not find waiver, there is no merit to Johnson's claim that the PCRA violates the SCA and is unconstitutional. It is well established that "the time restrictions for filing PCRA petitions are constitutional[.]" *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999); *Commonwealth v. Peterkin*, 722 A.2d 638, 643 (Pa. 1998) (same); *see also Commonwealth v. Edmiston*, 65 A.3d 339, 349 (Pa. 2013) (stating that "[a]s we have explained, the nature of the constitutional violations alleged has no effect on the application of the PCRA time bar. … Rather, the only cognizable exceptions are set forth at Section 9545(b)(1)." (internal citations omitted)).

J-S46032-15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2015